## IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No:

**RON RIZZUTO**

    vs.

**WYSE FINANCIAL SERVICES, INC.**

### COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Ron Rizzuto, by and through his undersigned counsel, Bruce K. Warren, Esquire of Warren Law Group, P.C., complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.    Plaintiff, Ron Rizzuto, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices as well as violations of the Rosenthal Fair Debt Collection Practices Act (California) and Invasion of Privacy.

### II. JURISDICTION

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that Defendant transacts business in this District and maintains a primary office in the District.

### III.  PARTIES

4. Plaintiff, Ron Rizzuto, is an adult natural person residing Pittsburg, California. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Wyse Financial Services, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of California and Colorado, with its principal place of business located at 3410 South Galena Street, Suite 205, Denver, CO 80231-5580.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7. For over a year, Plaintiff has been receiving collection calls from the Defendant on a consumer debt owed by someone else.

8. Defendant is looking for someone by the name of "Lucille Davis".

9. Plaintiff has informed the Defendant with every call that they are contacting the wrong number.

10. Various agents of the Defendant have told the Plaintiff that they will remove his number from the call list, however the collection calls persist.

11. Plaintiff has received numerous automated messages asking for "Lucille Davis".

12. On or about April 13, 2012, Plaintiff spoke with Defendant's agent, "Jared Scott", who again promised to remove the Plaintiff's number from their files.

13. As of the filing of this complaint, Defendant continues to call the Plaintiff's home in error.

14. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

15. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

16. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

17. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

18. The above paragraphs are hereby incorporated herein by reference.

19.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

20.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged someone in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information on a consumer |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, for the following:

a.     Actual damages;

b.     Statutory damages pursuant to 15 U.S.C. § 1692k;

c.     Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.     Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

## THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## CALIFORNIA CIVIL CODE §§1788 et seq.

21. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated in this complaint.

22. Defendant's actions constitute numerous and multiple violations of the California Civil code §§1788 et seq. as alleged above including but not limited to, violations of:

| | |
|---|---|
| §§1788.11 (d): | Causing telephone to ring repeatedly or continuously to annoy the person or; |
| §§1788.11(e): | Communicating by telephone or in person, with the debtor with such frequency as to be unreasonable or to constitute an harassment to the debtor under the circumstances; |

23. Defendant's actions constitute numerous and multiple violations of the California Civil code §§1788.17 by failing to comply with the FDCPA as alleged above.

24. As a result of the above-described violations of the CA FDCPA, Plaintiff has suffered out-of-pocket expenses and is therefore entitled to recover actual damages from Defendant pursuant to CA Civil Code §§1788.30 (a), statutory damages for a knowing or willful violation pursuant to CA Civil Code §§1788.30(b) and reasonable attorney's fees and costs pursuant to CA Civil Code §§1788.30(c) from Defendant.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, for the following:

a. An award of actual damages pursuant to CA Civil Code §§1788.30 (a);

  b.  The maximum amount of statutory damages provided under CA Civil Code §§1788.30 (b);

  c.  For an award of costs of litigation and reasonable attorneys' fees pursuant to CA Civil Code §§1788.30(c); and

  d.  Such other or further relief as the Court deems just and proper.

## COUNT III

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

25. The above paragraphs are hereby incorporated herein by reference.

26. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes… upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

27. Pennsylvania recognizes Plaintiff's right to be free from invasions of privacy, thus Defendant violated PA state law.

28. Defendant intentionally intruded upon Plaintiff's right to privacy to be continually harassing Plaintiff with frequent telephone calls, abusing Plaintiff.

29. The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and "a substantial burden to his existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

30. The conduct of Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

31.     As a result of the intrusions and invasions, Plaintiff is entitles to actual damages in an amount to be determined at trial from Defendant.

32.     Defendant's acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendant is subject to punitive damages.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

a.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and O.R.C. § 1345.09(A);

b.  Statutory damages pursuant to 15 U.S.C. § 1692k;

c.  Reasonable attorney's fees and litigation expenses, plus costs of suit;

d.  Three times the amount of Plaintiff's actual damages or two hundred dollars, whichever is greater, pursuant to O.R.C. § 1345.09(B);

e.  Actual damages from Defendant for all the damage including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

f.  Punitive damages; and

g.  Such additional and further relief as may be appropriate or that the interests of justice require.

## V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

        **Respectfully submitted,**

        **WARREN LAW GROUP, P.C.**

Date:  May 9, 2012        **BY:** */s/Bruce K. Warren*
        Bruce K. Warren, Esquire

        Warren Law Group, LLC
        57 Cooper Street
        Woodbury, NJ 08096
        856-848-2488
        856-324-9081 Fax
        Attorney for Plaintiff