IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12–cv–01203–CMA–KMT

RON RIZZUTO,

      Plaintiff,

v.

WYSE FINANCIAL SERVICES, INC.,

      Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

      This matter comes before the court on Plaintiff's failure to prosecute this action and failure to comply with this court's orders.

      Pursuant to the Order of Reference dated May 11, 2012 (Doc. No. 4) this civil action was referred to the Magistrate Judge to, conduct proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b).  Pursuant to the Local Rules of Practice for the United States District Court for the District of Colorado, "[a] judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order."  D.C.COLO.LCivR 41.1.

      On May 18, 2012, this court set a Scheduling a Scheduling Conference.  (Doc. No. 5.)  On August 7, 2012, this court vacated the Scheduling Conference in light of Plaintiff's motion for entry of default.  (Doc. Nos. 6, 7.)  On September 19, 2012, Plaintiff filed an amended motion

for entry of default pursuant to Fed. R. Civ. P. 55(a). (Doc. No. 10.) The Clerk entered default on September 19, 2012. (Doc. No. 11.) Plaintiff has failed to file a motion for default judgment under Fed. R. Civ. P. 55(b) and has failed to otherwise prosecute this action. On February 21, 2013, this court entered an order requiring Plaintiff to file a status report no later than February 28, 2013, to advise how he intends to proceed with his case. (Doc. No. 12.) Plaintiff failed to comply with the order. On March 13, 2013, this court entered an Order to Show Cause in writing, if any he has, no later than March 15, 2013, why his Complaint (Doc. No. 1) and this action should not be dismissed for failure to prosecute his case and failure to comply with court orders. (Doc. No. 13.) Plaintiff failed to respond to the Order to Show Cause.

Plaintiff bears the responsibility of complying with court orders and prosecuting his case. Here, Plaintiff has failed to comply with the court's orders requiring him to file a status report and to respond to the Order to Show Cause. Plaintiff has failed to otherwise prosecute his case since entry of default on September 19, 2012.

The Federal Rules of Civil Procedure give a district court ample tools to deal with recalcitrant litigants. *See Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir. 1993). Fed. R. Civ. P. 16(f)(1)(C) and 37(b)(2) and D.C.COLO.LCivR 41.1 enable the court to impose sanctions, including dismissal, when a party fails to obey pretrial orders. Fed. R. Civ. P. 41 and D.C.COLO.LCivR 41.1 also enable the court to dismiss a case when a party fails to prosecute a case.

The Tenth Circuit has recognized that "[a] district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or

federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).  However, dismissal is a more severe sanction, and generally requires the district court to consider certain criteria.  *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assoc., Inc.*, 552 F.3d 1233, 1235 (10th Cir.2009).  In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir.1992), the Tenth Circuit set forth a non-exhaustive list of factors to be considered when evaluating grounds for dismissal of an action with prejudice.  The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.*, 167 F.R.D. 90, 101 (D. Colo.1996).  "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.' " *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).

  Having, considered the *Ehrenhaus* factors, the court finds that dismissal with prejudice is appropriate.  As to the first factor, the court finds that the Defendant, against whom default has been entered, is not prejudiced by the plaintiff's failure to prosecute or failure to comply with the court orders.  As to the second factor, the court finds that Plaintiff has significantly interfered with the judicial process.  Plaintiff has wasted scarce judicial resources by requiring this court to monitor the docket and to enter two orders to which the plaintiff has failed to respond.  As to the third factor, the court finds Plaintiff is culpable for the delays in this case and for the violations

of this court's orders.  Plaintiff has given no explanation for his utter failure to prosecute this action by filing a motion for default judgment and for his failure to respond to this court's orders.  Plaintiff has demonstrated an unacceptable pattern of scorning court orders, thereby undermining the judicial process and wasting court resources.  As to the fourth factor,  the court specifically warned Plaintiff that his failure to comply with this court's Order to Show Cause would result in a recommendation that this case be dismissed with prejudice.  (Doc. No. 13.)  As to the final factor, the court finds Plaintiff's failure to obey the orders of this court to be unacceptable and should not be tolerated.  Plaintiff apparently has lost interest in pursuing his case against the defendant, and there is no reason for the court to impose any other sanctions.  The court also finds there is no benefit in imposing another sanctions against plaintiff to require him to pursue his case or to file a motion for default judgment.

Accordingly, recognizing that dismissal with prejudice is a severe sanction, the court nonetheless believes that no other sanction will be effective to deter this pattern of impermissible conduct.  *See Hobratschk v. Perretta*, 210 F.3d 389, No. 99-1293, 2000 WL 313530, at *2 (10th Cir. Mar. 28, 2000) (stating that a district court need not impose lesser sanctions before dismissal with prejudice); *see also Jones*, 996 F.2d at 265–66 (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)) (dismissal with prejudice serves the purposes of "penaliz[ing] the party whose conduct warrants the sanction and discourag[ing] 'those who might be tempted to such conduct in the absence of such a deterrent.'").  Altogether, the court concludes that the four of the five *Ehrenhaus* factors have been satisfied in this matter and that dismissal with prejudice is appropriate.

**WHEREFORE**, for the foregoing reasons, the court respectfully

**RECOMMENDS** that Plaintiff's Complaint (Doc. No. 1) and this action be dismissed in their entirety, with prejudice, pursuant to Fed. R. Civ. P. 41, D.C.COLO.LCivR 41.1, and *Ehrenhaus v. Reynolds,* 965 F.2d (10th Cir. 1992).

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both

timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 18th day of March, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge